ISAAC GAGE *et al.* *vs.* DEAN W. SMITH *et al.*

Where a written lease of land is made for a stipulated time, an action of *assumpsit* for use and occupation cannot be maintained for rent, accruing before the lease has terminated.

Where the lessor reserves to himself the right " to enter, and without process of law, and without notice, expel the lessee, if he shall fail to pay the rent, as agreed," a *notice* by the lessor to one occupying under the lessee, that the lessor will look to him for rent, made when no rent was due, and not upon the land demised, does not terminate the lease.

ASSUMPSIT for the use and occupation of a store in *Hallowell*, from *July* 15 to *Dec.* 4, 1834. The plaintiffs had leased the store to *F. C. Krantz* for one year from the fifteenth of *April*, 1834, at a certain rent, payable quarterly. The defendants entered into the occupation of the store under *Krantz* at the commencement of his term, and continued it until the close of the term for which rent is claimed. The lease provided, " that the lessors may enter to view, and make improvement, and without process of law, and without notice, expel the lessee, if he shall fail to pay the rent as aforesaid, or shall make or suffer any strip or waste thereof." It did not appear in the case, whether the first quarter's rent was, or was not, paid, further than bringing the suit for rent after *July* 15, was evidence thereof. On the last of *July*, 1834, *Gage*, one of the plaintiffs, notified the defendants, they then being together in a building adjoining the store, that he should look to them for the rent.

At the trial, before *Weston C. J.*, the plaintiffs claimed to support their action against the defendants, as occupants of the store; and the defendants contended, that they were in under *Krantz*, and liable only to him. The Chief Justice, being of opinion, that the lease was not terminated by the notice, directed a nonsuit, which was to be set aside, if the Court should be of a different opinion.

*Bradbury*, for the plaintiffs, contended, that the lease terminated without notice, by the neglect to pay the rent according to its terms. But if notice was necessary, it was given. They were distinctly notified, that if they remained, they must pay rent to the plaintiffs. There is no necessity to give notice upon the land, except when the party would take advantage of a conditional conveyance.

*Wells*, for the defendants, said that the action could not be maintained, unless the lease had terminated. That it was not terminated by the notice, appeared:

1. Because no rent was shown to be due from any one, when the notice was given.

2. Because no *demand* was made of the rent.

3. If the notice can be considered a demand, it should have been made upon the premises demised.

4. The demand should have been made on the day the rent became due. He cited *Co. Lit.* 201, *b*, 202, *a ; Jackson* v. *Harrison*, 17 *Johns. R.* 66 ; *Wood* v. *Partridge*, 11 *Mass. R.* 488 ; *Wyman* v. *Hook*, 2 *Greenl.* 337 ; *Boston* v. *Binney*, 11 *Pick.* 1.

The case was continued for advisement, and the opinion of the Court afterwards drawn up by

WESTON C. J. — The plaintiffs, in their lease to *Krantz*, reserved to themselves the right to enter, and without process of law and without notice, expel the lessee, if he should fail to pay the rent, or should make or suffer any strip or waste. They now claim of the defendants a sum of money, for the use and occupation of the store, for a period covered by the lease. Their right to do so, depends upon the question, whether the interest of the lessee had terminated.

It is insisted, that this effect was produced, by the notice given in an adjoining building, to the defendants, on the last of *July*, 1834, that the plaintiffs should look to them for the rent. To this there are two objections, each of which appears to 'be fatal to their claim. They did not enter to expel the lessee ; and if they had, it does not appear, that they had any right to do so. The lessee was not their tenant at will. They might enter to expel him, if he failed to pay his rent, or made strip or waste ; but not otherwise. There is no evidence, that at the time of the notice, any rent was

due, or that the tenant had made strip or waste. It does not appear, that the rent for the first quarter remained unpaid; and the rent for the second quarter was not due, until the fifteenth of *October*, following the notice.

*Nonsuit confirmed.*

